

# In the Missouri Court of Appeals
## Eastern District

<u>DIVISION THREE</u>

| | | |
|---|---|---|
| MCCANN CONCRETE PRODUCTS, INC., | ) | No. ED111680 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | Cause No. 23SL-CC01013 |
| | ) | |
| RAINERI CONSTRUCTION, LLC, | ) | Honorable Joseph L. Walsh III |
| | ) | |
| Appellant. | ) | Filed: February 27, 2024 |

<u>Introduction</u>

Raineri Construction, LLC (Raineri) appeals the judgment of the trial court denying Raineri's motion to compel arbitration of the underlying contract dispute on the grounds the contract failed to include the notice statement required by Section 435.460, RSMo. 2000. Because this statute is preempted by the Federal Arbitration Act, which the parties' contract invoked, we reverse and remand to the trial court for an order compelling arbitration.

<u>Background</u>

This dispute arose out of a construction sub-contract between Raineri and Respondent McCann Concrete Products, Inc. (McCann), whereby Raineri agreed to purchase certain materials from McCann for Raineri's project. McCann is located in

Illinois, and Raineri's project is located in Missouri. The parties' contract states that it "shall be governed by the Law in effect at the location of the Project." McCann filed suit in the trial court for breach of contract, suit on account, and unjust enrichment, arguing that McCann delivered materials according to the contract and Raineri failed to pay the purchase price. Raineri filed a motion to compel arbitration, citing the following provision of the parties' contract:

> 18.3 BINDING DISPUTE RESOLUTION If the matter is unresolved after direct discussions, the Parties shall submit the matter to the binding dispute resolution procedure designated below:
>
> [ X ] Arbitration using the current Construction Industry Arbitration Rules of the American Arbitration Association, or the Parties may mutually agree to select another set of arbitration rules. The administration of the arbitration shall be as mutually agreed by the parties.

McCann argued that this provision of the contract was unenforceable because the contract failed to comply with the Missouri Uniform Arbitration Act (MUAA), which requires each contract containing an arbitration provision to include the following notice statement in ten-point capital letters: "THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES." Section 435.460. The trial court agreed and denied Raineri's motion to compel arbitration because the contract lacked the statutory notice provision. This appeal follows.

Standard of Review

Whether the trial court should have granted the motion to compel arbitration is a question of law that we review *de novo*. Triarch Indus., Inc. v. Crabtree, 158 S.W.3d 772, 774 (Mo. banc 2005).

2

Raineri argues the trial court erred in denying Raineri's motion to compel arbitration because the American Arbitration Association (AAA) Rules invoked by the contract vest exclusive determination of arbitrability with the arbitrator, and because the Federal Arbitration Act (FAA) preempts the MUAA's notice requirement.[1] The trial court based its denial on the fact that the contract failed to contain the MUAA notice requirement, and we agree with Raineri that this was in error.

The FAA, 9 U.S.C. Section 1, *et seq.* (2006), "governs the applicability and enforceability of arbitration agreements in all contracts involving interstate commerce." Eaton v. CMH Homes, Inc., 461 S.W.3d 426, 431 (Mo. banc 2015) (citing 9 U.S.C. Section 2). McCann argues that the contract fails to reference the FAA, and instead contains a choice-of-law provision designating Missouri's law as governing law. However, the undisputed facts show the contract provided that McCann, an Illinois company, would deliver goods from Illinois to Raineri's project site in Missouri, and thus the contract involves interstate commerce and is accordingly governed by the FAA. See Hamilton Metals, Inc. v. Blue Valley Metal Products Co., 763 S.W.2d 225, 226 (Mo. App. W.D. 1985) (noting stipulated facts that contract involved interstate commerce, thus FAA applied). The question then, is whether the notice provision of Section 435.460 is still enforceable in light of the FAA's applicability here.

---

[1] McCann moves to dismiss Raineri's appeal due to numerous violations of Rule 84.04 in Raineri's brief, including failure to follow the form prescribed by Rule 84.04 for the point relied on and presenting multiple arguments in one point relied on. We agree that Raineri's point relied on violates Rule 84.04, but we choose to exercise our discretion to review it *ex gratia* because the basis for reversal upon which we rely is a relatively straightforward legal issue that is clearly raised in Raineri's brief, and McCann had the opportunity to respond fully here and in the trial court. See Brown v. Brown, 530 S.W.3d 35, 40-41 (Mo. App. E.D. 2017). Our decision to do so here should not be construed as a holding that sub-standard briefing is acceptable—it unequivocally is not. Id. McCann's motion to dismiss is denied.

The MUAA, including Section 435.460's notice requirement, "governs those Missouri arbitration matters not preempted by the FAA." Id. The FAA was designed "to overrule the judiciary's longstanding refusal to enforce agreements to arbitrate," and as such, the FAA preempts state laws that render arbitration agreements unenforceable. Group Health Plan, Inc. v. BJC Health Sys., Inc., 30 S.W.3d 198, 203 n.2 (Mo. App. E.D. 2000) (quoting Volt Info. Sciences, Inc. v. Bd. of Trustees of the Leland Stanford Jr. Univ., 489 U.S. 468, 478 (1989)).

Enforcing the MUAA's notice requirement here would render the parties' arbitration agreement unenforceable. Therefore, numerous Missouri decisions have held that the FAA preempts Section 435.460's notice requirement. E.g., Bunge Corp. v. Perryville Feed & Produce, Inc., 685 S.W.2d 837, 839 (Mo. banc 1985); Duggan v. Zip Mail Servs., Inc., 920 S.W.2d 200, 203 (Mo. App. E.D. 1996); Brookfield R-III School Dist. v. Tognascioli Gross Jarvis Kautz Architects, Inc., 845 S.W.2d 103, 105-06 (Mo. App. W.D. 1996) (finding Section 435.460 preempted by FAA even where contract designated it would be governed by Missouri law). The trial court therefore erred in denying Raineri's motion to compel arbitration on this basis. Point granted.[2]

## Conclusion

We reverse the trial court's denial of Raineri's motion to compel arbitration and remand to the trial court with instructions to enter an order compelling arbitration pursuant to paragraph 18.3 of the parties' contract.

---

[2] In light of our conclusion, we need not address Raineri's alternative argument that the AAA rules invoked by the contract reserve threshold questions of arbitrability for the arbitrator.

4

_____
Gary M. Gaertner, Jr., J.

Lisa P. Page, P.J., and
Angela T. Quigless, J., concur.