

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| **CHARLES HARRIS,** | ) | |
| | ) | |
| **Respondent,** | ) | **WD87383** |
| | ) | |
| **V.** | ) | **OPINION FILED:** |
| | ) | **MAY 27, 2025** |
| **MISSOURI DEPARTMENT** | ) | |
| **OF CORRECTIONS, ET AL.,** | ) | |
| | ) | |
| **Appellants.** | ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
The Honorable Jon E. Beetem, Judge

Before Division Two:  Cynthia L. Martin, Presiding Judge, Gary D. Witt, Judge and W. Douglas Thomson, Judge

The Missouri Department of Corrections, Alana Boyles, and Lisa Clark (collectively "Appellants") appeal an award of attorneys' fees from the Circuit Court of Cole County, Missouri ("trial court"), after default judgment was entered against Appellants, ordering them to pay Charles Harris ("Harris"), a former employee of Missouri's Department of Corrections, compensatory and punitive damages on claims of discrimination and retaliation brought under the Missouri Human Rights Act ("MHRA"), section 213.010, *et seq.*[1]  On appeal, Appellants argue the trial court erred in awarding

---

[1] All statutory references are to the Revised Statutes of Missouri (2016), as updated by supplement through 2021, unless otherwise noted.

Harris attorneys' fees because: Point I, the trial court lacked authority to conduct any proceeding after October 27, 2019, because Appellants' motion for change of venue was granted as a matter of law; Point II, the trial court erred in improvidently entering a default on liability against Appellants because they had been defending the lawsuit; and Point III, the trial court abused its discretion in denying Appellants' motion to set aside the trial court's interlocutory order of default because Appellants demonstrated good cause and a meritorious defense. Consistent with our analysis of the appeal of the underlying case in *Harris v. Department of Corrections*, WD87060 handed down contemporaneously with this opinion, we affirm the trial court's award of attorneys' fees because Harris is the prevailing party.

## Factual and Procedural Background[2]

On May 14, 2019, Harris filed a petition in the trial court alleging Appellants violated the MHRA by subjecting Harris "to a continuing course of racial discrimination, harassment, retaliation, and hostile work environment" in relation to his employment at the Chillicothe Correctional Center. On July 29, 2019, Appellants filed a motion for change of venue to Livingston County, Missouri, asserting that "[a]ll of the alleged unlawful discriminatory practices set forth in [Harris's] petition occurred at Chillicothe Correctional Center in Livingston County, Missouri."

---

[2] For a more detailed statement of the Factual and Procedural Background of this matter see *Harris v. Department of Corrections*, WD87060 handed down contemporaneously with this opinion.

Subsequently, on April 14, 2020, Appellants filed a "renewed and amended" motion to change venue, including affidavits from Alana Boyles and Lisa Clark that "[n]one of the allegations pertaining to [Harris's] Petition occurred in Cole County, rather, they occurred in Livingston County at Chillicothe Correctional Center." The trial court entered a docket entry on August 13, 2020, denying Appellants' motion for change of venue.

Harris moved for an interlocutory order of default judgment on July 3, 2023, alleging Appellants failed to file a timely answer to Harris's second amended petition. The trial court entered its "interlocutory judgment of default" on August 16, 2023. The trial court denied Appellants' motion for leave to file an answer out of time noting the proposed answer "seemed to be cut and paste, not specific to the instant cause and devoid of factual allegations in the 'affirmative defenses' which would permit this Court to determine if any meritorius [sic] defense existed." The trial court further noted that "[t]he only subsequent activity on the file was the entry and withdrawal of various assistant attorney generals" from March 2022 to June 2023. The trial court found Harris to be entitled to a default judgment on the issue of liability and scheduled an evidentiary hearing on damages.

The trial court conducted a bench trial on Harris's damages where all parties presented evidence. The matter was ultimately taken under advisement. Thereafter, Appellants filed a "Motion For Judgment And Memorandum In Support" asserting a default judgment was not proper because it was not supported by the law and record. Additionally, Appellants filed a motion to set aside all orders and actions taken by the

3

trial court after October 27, 2019. In their motion, Appellants noted that their first motion for change of venue, filed on July 29, 2019, was not denied by the trial court and that their renewed motion was subsequently denied by the trial court more than ninety days after it was filed. Accordingly, Appellants contended the trial court lost authority over the matter after October 27, 2019, as their first motion for change of venue was deemed granted as a matter of law pursuant to section 508.010.10. The trial court denied the motion finding Appellants "waived any claim for a change of venue by not addressing the issue after the first amended petition and certainly after the second amended petition and not seeking relief until after the trial." On February 22, 2024, the trial court entered judgment in favor of Harris assessing damages in the amount of $750,000 in compensatory damages and $250,000 in punitive damages. Appellants filed a separate notice of appeal with this Court from the trial court's default judgment which was addressed in *Harris v. Department of Corrections*, WD87060 handed down contemporaneously with this opinion.

On March 19, 2024, Harris filed a Rule 74.16 motion for attorneys' fees, costs, expenses, and post-judgment interest, asserting he was entitled to an award of reasonable fees under the MHRA as he was the prevailing party. *See* Section 213.111.2. Appellants filed a motion in opposition, requesting the trial court to modify Harris's lodestar and decline to apply a multiplier, asserting Harris's requested amount was unreasonable. Harris subsequently filed a reply in support of his motion for attorneys' fees and a supplemental memorandum. On June 21, 2024, the trial court awarded Harris attorneys' fees and costs in the total amount of $288,630.88.

4

Subsequently, Harris filed a motion for reconsideration requesting the trial court to apply the multiplier for both attorneys, as it was only applied to one. Appellants filed a motion to set aside default judgment or in the alternative a motion to amend award of attorneys' fees. Harris filed a response in opposition to Appellants' motion and, as to the issue of attorneys' fees, asserted the fees were fair, reasonable, and necessary. On July 25, 2024, the trial court granted Harris's motion for reconsideration and amended Harris's award of attorneys' fees, costs, and expenses to the total amount of $414,550.92. The trial court noted it lacked jurisdiction to rule on Appellants' motion to set aside default judgment. This appeal follows.

## Jurisdiction

Harris argues this Court must dismiss this appeal for lack of jurisdiction because there is no final judgment denying Appellants' motion to set aside the interlocutory order of default, and Appellants are not challenging the trial court's subject matter jurisdiction on appeal. We find this Court has jurisdiction.

As the parties acknowledge, this appeal from the trial court's award of attorneys' fees to Harris is closely intertwined with WD87060, which is a separate appeal before this Court regarding the trial court's default judgment against Appellants. Here, it is apparent Appellants assert that the trial court erred in awarding Harris attorneys' fees with the rationale falling squarely in line with the points raised in Appellants' separate appeal. Nevertheless, under Rule 74.16, a motion for attorney's fees is treated as an independent action. Thus, in order for a party to challenge a trial court's award of attorneys' fees under Rule 74.16, a separate notice of appeal must be filed, as was done herein. *See*

5

*Wiseman v. Mo. Dep't Corr.*, WD86412, 2025 WL 898740, at *4 (Mo. App. W.D. Mar. 25, 2025).

After the trial court entered default judgment against Appellants, Harris filed a motion for attorneys' fees pursuant to Rule 74.16. The trial court entered a judgment awarding Harris attorneys' fees, costs, and expenses and ultimately amended its judgment on July 25, 2024. Subsequently, Appellants timely filed their notice of appeal.

The trial court's amended judgment satisfies all requirements under Rule 74.01(a), as it was signed by the judge and denominated "judgment." Because this appeal deals with the trial court's award of attorneys' fees under Rule 74.16, and there was a final judgment that was timely appealed, we find this Court has jurisdiction.

## Discussion[3]

In an appeal from a judgment in a court-tried case, this Court will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Section 213.111.2 authorizes an award of "reasonable attorney fees" to the prevailing party in an MHRA action. *See Wilson v. City of Kansas City*, 598 S.W.3d 888,

---

[3] Harris asserts this Court must dismiss this appeal because Appellants' points are multifarious and preserve nothing for our review. "A point relied on violates Rule 84.04(d) when it groups together multiple, independent claims rather than a single claim of error[.]" *Kirk v. State*, 520 S.W.3d 443, 450 n.3 (Mo. banc 2017). Appellants' points relied on are multifarious as each point challenges actions by the trial court relating to its entry of default judgment *and* separate award of attorneys' fees. However, because Appellants' arguments are readily understandable, we exercise our discretion and decide this case on the merits. *See Brown v. Brown*, 530 S.W.3d 35, 40-41 (Mo. App. E.D. 2017).

896 (Mo. banc 2020). Here, the trial court awarded Harris attorneys' fees after entering default judgment and subsequently awarding damages against Appellants in favor of Harris. As explained in Appellants' separate appeal with this Court, WD87060, we dismissed Appellants' appeal arising from the trial court's merits judgment because there is no final appealable judgment setting forth the trial court's denial of Appellants' motion to set aside the default judgment, and as such Appellants' direct challenges as to the default judgment are moot and prohibited as they do not challenge the trial court's subject matter jurisdiction. *See Robertson v. Rosner*, 641 S.W.3d 436, 443 (Mo. App. W.D. 2022) ("[A] direct appeal from a default judgment is only authorized where the appellant challenges the subject matter jurisdiction of the circuit court."). Since we have dismissed Appellants' appeal of their action under the MHRA, Harris remains the prevailing party in the underlying action. None of Appellants' points on appeal challenge the amount or reasonableness of the attorneys' fees awarded by the trial court. Thus, we affirm the trial court's judgment awarding Harris reasonable attorneys' fees.

**Attorneys' Fees on Appeal**

Harris filed a timely motion with this Court requesting attorneys' fees on appeal, which has been taken with this case. The MHRA authorizes a court to award a prevailing party "reasonable attorney fees," which includes a party's appellate attorneys' fees. Section 213.111.2; *see Hays v. Dep't of Corr.*, 690 S.W.3d 523, 529 (Mo. App. E.D. 2024). We grant Harris's motion for attorneys' fees on appeal as he is the prevailing party.

7

While this Court has the authority to determine attorneys' fees on appeal, "we exercise this power with caution, believing in most cases that the trial court is better equipped to hear evidence and argument on this issue and determine the reasonableness of the fee requested." *Hays*, 690 S.W.3d at 529 (Mo. App. E.D. 2024). Therefore, we remand the matter to the trial court to determine and award Harris reasonable attorneys' fees arising from this appeal.

## Conclusion

The trial court's judgment awarding attorneys' fees is affirmed. On remand the trial court shall determine and award Harris reasonable attorneys' fees arising from this appeal.

_____
Gary D. Witt, Judge

All concur