Charles ROTHSCHILD, Jr.,
Employee/Appellant,

v.

ROLOFF TRUCKING, Karst Construction, B.A.M. Construction Company, a Subsidiary for McBride & Son, Integrity Installations, Employers/Respondents,

and

Treasurer of Missouri as Custodian of the Second Injury Fund, Respondent.

No. ED 89364.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 9, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 8, 2007.

Application for Transfer Denied
Dec. 18, 2007.

1. All statutory references are to RSMo. (2000).

Ray A. Gerritzen, St. Louis, MO, for appellant.

John J. Mohan, Margaret A. Hesse, John P. Zimmerman, Stephen H. Larson, Caroline M. Bean, Asst. Atty. Gen., St. Louis, MO, Thomas H. Kuergeleis, Fairview Heights, IL, for respondents.

LAWRENCE E. MOONEY, Presiding Judge.

Charles Rothschild, Jr., the claimant in this workers' compensation action, appeals from a final award issued by the Labor and Industrial Relations Commission. Because the claimant failed to substantially comply with the rules of appellate procedure, we dismiss his appeal.

Rule 84.04 sets forth the requirements for an appellant's brief. An appellant's compliance with the rule's briefing requirements "is required in order that the appellant may give notice to the party opponent of the precise matters which must be contended with and answered." *Thornton v. City of Kirkwood*, 161 S.W.3d 916, 919 (Mo.App. E.D.2005). Compliance with the briefing requirements is also mandatory so that unnecessary burdens are not imposed on the appellate court and to ensure that appellate courts do not become advocates for the appellant. *Id.* "Failure to substantially comply with Rule 84.04 preserves nothing for our review and warrants dismissal of the appeal." *Culley v. Royal Oaks Chrysler Jeep, Inc.*, 216 S.W.3d 235, 236 (Mo.App. E.D.2007). The

claimant here failed to substantially comply with Rule 84.04 in several respects.

■■ To begin, the claimant failed to comply with the dictates of Rule 84.04(c), which requires an appellant's brief contain "a fair and concise statement of the facts relevant to the questions presented for determination without argument." "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Kent v. Charlie Chicken, II, Inc.*, 972 S.W.2d 513, 515 (Mo.App. E.D.1998). The claimant's statement of facts falls woefully short of fulfilling its essential purpose. In crafting his statement of facts, the claimant focuses solely on the facts favorable to his position. Emphasizing facts favorable to the appellant and omitting others essential to the respondent does not substantially comply with Rule 84.04. *Vodicka v. Upjohn Co.*, 869 S.W.2d 258, 263 (Mo.App. S.D.1994). This violation itself is a sufficient basis to dismiss his appeal. *In re Marriage of Shumpert*, 144 S.W.3d 317, 320 (Mo.App. E.D.2004).

■ Next, the claimant wholly failed to comply with Rule 84.04(d)(2), which sets forth the requirements for a point relied on where an appellant seeks review of an administrative agency's decision. Rule 84.04(d)(2) states as follows:

Where the appellate court reviews the decision of an administrative agency, rather than a trial court, each point shall:

(A) identify the administrative ruling or action the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The rule mandates that such a point be in substantially the following form:

The [name of agency] erred in [identify the challenged ruling or action], because [state the legal reasons for the claim of reversible error, including the reference to the applicable statute authorizing review], in that [explain why, in the context of the case, the legal reasons support the claim of reversible error].

Rule 84.04(d)(2). The requirements of Rule 84.04(d) are mandatory. *Megargel Willbrand & Co., LLC v. FAMPAT Ltd. Partnership*, 210 S.W.3d 205, 209 (Mo.App. E.D.2006). "The requirement that the point relied on clearly state the contention on appeal is not simply a judicial word game or a matter of hypertechnicality on the part of appellate courts." *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978). "The purpose of this rule is to notify the opposing party of 'the precise matters that must be contended with and to inform the court of the issues presented for review.'" *Glasgow Enterprises, Inc. v. Bowers*, 196 S.W.3d 625, 629 (Mo.App. E.D.2006)(quoting *In re Marriage of Weinshenker*, 177 S.W.3d 859, 863 (Mo.App. E.D.2005)).

■ In each of his ten points, the claimant fails to state the legal reason for his claim of reversible error and fails to explain why, in the context of this case, those legal reasons support his claim of reversible error.[1] Instead, he merely

---

1. The claimant's ten points relied on read as follows:

I. The Missouri Industrial Commission erred in not making an adverse inference from Karsts failure to testify to contradict claimant, particularly when they were present during his deposition.

II. The Missouri Industrial Commission erred in relying on Dr. George's *"surmise*

claims that the Commission erred in one respect or another. "It is not sufficient to merely set out what the alleged errors are, as [Claimant] has done in this case, without stating why the ruling is erroneous." *Lyles v. Robert Half Corp.*, 219 S.W.3d 854, 855 (Mo.App. E.D.2007). "A point that merely states what the alleged error is without stating why it is error does not satisfy Rule 84.04(d) and does not preserve the question for review." *Megargel Willbrand & Co.*, 210 S.W.3d at 209. "It is not proper for the appellate court to speculate as to the point being raised by the appellant and the supporting legal justification and circumstances." *Nelson v. Nelson*, 195 S.W.3d 502, 514 (Mo.App. W.D.2006).

■ Because the claimant failed to substantially comply with Rule 84.04, his brief preserves nothing for our review and is inadequate to invoke this Court's jurisdiction. *Livingston v. Schnuck Markets,*

*Inc.*, 184 S.W.3d 617, 619 (Mo.App. E.D. 2006). "This court should not be expected either to decide the case on the basis of inadequate briefing or to undertake additional research and a search of the record to cure the deficiency." *Davis v. Coleman*, 93 S.W.3d 742, 743 (Mo.App. E.D.2002)(citing *Thummel*, 570 S.W.2d at 686).[2] We dismiss the claimant's appeal for failure to substantially comply with Rule 84.04.

BOOKER T. SHAW and NANNETTE A. BAKER, JJ., concur.

---

that the knee gave way because of osteochondritis dissecans ..."

III. The Missouri Industrial Commission's finding that Dr. Matthews opinioned the reason for a total right knee replacement is the progressive nature of the OCD and arthritic conditions, which would happen in spite of trauma is just not true and flagrantly violates 287.800.

IV. In Injury No. 99–112621, the Missouri Industrial Commission erred in awarding only 50% of the right knee.

V. The Missouri Industrial Commission erred in awarding only 20% of the left shoulder.

VI. The Missouri Industrial Commission erred in failing to award any disabilities for the right shoulder and the left ankle.

VII. The Missouri Industrial Commission erred in finding the work at Karst, B.A.M. and Integrity did not aggravate or exacerbate the original injuries of 8/30/99.

VIII. In 02–113468, the Missouri Industrial Commission erred in not finding permanent and total disability against Second Injury Fund.

IX. The Missouri Industrial Commission erred in failing to order future medical care for all injuries.

X. The Missouri Industrial Commission erred in failing to award interest and penalties on the delayed TTD payment.

2. At oral argument, the Court noted that one of the claimant's points on appeal was unpreserved because he had not raised it in his application for review before the Commission. The claimant's attorney has vociferously protested in a post-argument letter to this Court that he did in fact raise the issue in his brief filed with the Commission. The claimant's brief before the Commission is not in the record on appeal the he filed with this Court. Nonetheless, whatever the brief before the Commission would reveal, the claimant's argument misses the mark. His application for review before the Commission is in the record on appeal. And the claimant did not specify this point as error in his application for review before the Commission, which is required. 8 CSR 20–3.030(1) & (3). The fact that he briefed an unpreserved issue before the Commission does not rescue the point. Although unnecessary to our disposition of the appeal, we append this to correct the claimant's misunderstanding of the Court's comments at oral argument.