

# In the
# Missouri Court of Appeals
## Western District

IN THE INTEREST OF: O.J.B.,
          RESPONDENT,

JUVENILE OFFICER,
          RESPONDENT,
v.

E.B. AND T.B.,
          APPELLANTS.

**WD76687**

**OPINION FILED:**

**JULY 22, 2014**

---

### Appeal from the Circuit Court of Jackson County, Missouri
### The Honorable Justine Elisa Muro, Judge

**Before Division One: Joseph M. Ellis PJ., Karen King Mitchell, Anthony Rex Gabbert, JJ.**

E.B. and T.B. (Parents) appeal pro se the circuit court's judgment denying a "Motion For Dismissal" filed by E.B. (Father) on July 23, 2013. Parents assert four points on appeal. First, they contend that the circuit court erred in denying the motion to dismiss because the court failed to review or acknowledge evidence that demonstrated the Juvenile Officer and a Juvenile Officer witness knowingly withheld exculpatory evidence, thereby violating their rights to due process. Second, Parents contend that the court erred in denying the motion to dismiss because the court refused to hear, review, or acknowledge evidence that the Juvenile Officer and a Juvenile Officer witness coerced a stipulation, thereby violating Parents' rights to due process. Third, Parents assert that the court erred in denying the motion to dismiss because the court failed to review or acknowledge evidence that the Juvenile Officer knowingly used false and misleading

information to bias the court, thereby denying Parents the right to a fair trial and procedural due process. Finally, Parents contend that the court erred in denying the motion because the court refused to hear, review, or acknowledge that the Juvenile Officer lacked standing to bring the case because the evidence used to bring the case was manufactured, fabricated, misrepresented, and engineered to be destructive to Parents, thereby violating their rights to due process. We affirm the circuit court's judgment.

On October 26, 2011, the Juvenile Officer filed a petition alleging O.J.B. to be without proper care, custody, or support and subject to the jurisdiction of the court pursuant to Section 211.031.1, RSMo Cum. Supp. 2005. The petition alleged that Parents neglected O.J.B. The petition alleged that O.J.B. had significant developmental delays and a seizure disorder and, at seven years of age, was non-verbal, unable to walk, and required twenty-four hour care. The petition alleged that, after Parents voluntarily placed O.J.B. in a Department of Mental Health (DMH) residential facility in May of 2011, the parents repeatedly inhibited facility staff from providing the child with necessary and appropriate medical treatment. The petition alleged that, O.J.B. required follow-up with a neurologist in July of 2011 but, as of October 26, 2011, it had not been received. The petition alleged that the parents refused to give consent for the child's treatment at Children's Mercy Hospital, the only local hospital with the ability to adequately treat the child's special medical needs and that accepted the child's insurance. The petition alleged that Parents failed or refused to regularly visit the child, call to inquire into the child's well-being, or take part in his care and treatment. The petition alleged that Parents had visited the child only twice since his placement at the DMH facility and that the child was at risk of further harm or neglect absent court intervention.

2

Each parent was appointed separate counsel and Parents and counsel appeared at a case management conference on November 16, 2011. The record reflects that, on December 19, 2011, counsel for each parent filed motions to withdraw. On that same date, Father filed a Motion to Dismiss the pending juvenile matters. On December 20, 2011, the court held an adjudication hearing. At that hearing, Mother's attorney withdrew her motion to withdraw and the court denied Father's attorney's motion. The court stated in its Order Upon Adjudication Hearing that both parents stipulated to the allegations in the Juvenile Officer's petition and further stated: "Testimony being heard and other evidence received by the Court, the Court finds that the evidence adduced sustains the allegations in Count 1 by clear, cogent and convincing evidence." A dispositional hearing was held on January 20, 2012, where each parent was represented by new counsel. The court entered Findings and Recommendations on that date and a final judgment was entered.

On May 2, 2012, the court held a case review hearing where parents appeared represented by their respective counsel. Findings and Recommendations were entered and subsequently adopted as a final judgment. Thereafter, on July 27, 2012, October 17, 2012, January 23, 2013, and July 29, 2013, additional review/permanency planning hearings were held where the parents were either represented by counsel or represented themselves pro se. Final judgments were entered after each of those hearings. Just prior to the July 29, 2013 hearing, Father filed a pro se "Motion for Dismissal" which was denied by the court in its judgment following that hearing. Parents appeal that denial.

We review juvenile adjudication proceedings under the standard applied in other court-tried civil cases and will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *In re*

3

*A.G.R.*, 359 S.W.3d 103, 108 (Mo. App. 2011). Ordinarily, a denial of a motion to dismiss is not considered a final judgment and is not appealable. *In re Halverson ex rel. Sumners*, 362 S.W.3d 443, 448 n7 (Mo. App. 2012). However, an order denying a motion to dismiss can be considered as part of the appeal from a final judgment. *Id.* Here, Parents appeal the court's July 29, 2013 judgment which contained the denial of Father's motion to dismiss. "This Court's review of a trial court's denial of a motion to dismiss under Rule 67.03 is limited to an abuse of discretion." *Stine v. Stine*, 401 S.W.3d 567, 570 (Mo. App. 2013).

Preliminarily, we address the Juvenile Officer's various motions that were taken with the case and deny each. The Juvenile Officer moves to strike Parents' amended pro se brief and/or dismiss the appeal on the grounds that Parents' points in the appeal brief fail to contain the applicable standard of review, that the table of contents of the brief fails to comply with Rule 84.04(a), and that Parents failed to provide a transcript of the evidentiary hearing. The Juvenile Officer additionally moves to strike the Questions Presented section of Parents' brief.

Pro se appellants are held to the same standards as attorneys and an appellate court is prohibited from acting as a party's advocate. *Maskill v. Cummins*, 397 S.W.3d 27, 30 (Mo. App. 2013). However, we "prefer to resolve an appeal on the merits of a case rather than to dismiss an appeal for deficiencies in the brief." *Payne v. Markeson*, 414 S.W.3d 530, 545 (Mo. App. 2013). As we can ascertain Parents' arguments despite any deficiencies and can decide the matter without advocating for the appellant, we decline to dismiss the appeal for the deficiencies alleged in the Juvenile Officer's motions.

Parents' four points purport to challenge the circuit court's denial of Father's motion to dismiss which was filed prior to the July 29, 2013, permanency hearing that resulted in a final judgment. Pursuant to Section 210.720, RSMo Cum. Supp. 2013, permanency hearings are

4

statutorily required to be held by the court and are for the purpose of determining, in accordance with the best interests of the child, a permanent plan for the placement of the child. Pursuant to Section 207.020.1(17), RSMo 2000, the juvenile court must have first acquired jurisdiction pursuant to Section 211.031 in order for permanency hearings under Section 210.720 to be applicable. Thus, an adjudication hearing pursuant to Section 211.031 to determine whether the juvenile court has grounds to acquire jurisdiction because, for example, the parents of a child are alleged to be neglecting the child, is different in content and purpose from a permanency hearing conducted after jurisdiction has been acquired.[1] Here, Parents appeal a judgment from a permanency hearing. However, none of Parents' points on appeal reference or relate to permanency planning issues determined in the judgment from which they appeal. Rather, all issues and points raised either attack the court's assumption of jurisdiction or raise issues related to the adjudication that are immaterial to the judgment from which they appeal.

Parents' first point alleges that the court failed to review or acknowledge evidence that demonstrated the Juvenile Officer and a Juvenile Officer witness knowingly withheld exculpatory evidence. Parents argue that they have requested the return of medical records that have not been returned and that the Children's Division and other entities withheld significant evidence from them until after "a stipulation was coerced." This clearly relates to the adjudication and Parents' stipulation to that adjudication. Similarly, Parents' second point

---

[1] Rule 124.06c states that, at the adjudication hearing, the court shall determine what allegations in the petition or motion to modify are admitted and receive evidence on the allegations that have not been admitted. Rule 124.07a states that, after the adjudication hearing, a dispositional hearing must be held. At the dispositional hearing, the court shall make findings on the legal and physical custody of the juvenile, on whether the children's division is required to engage in reasonable efforts to reunify the family, the services required to reunify the family, and shall schedule a future dispositional review hearing or, when appropriate, a permanency hearing. Rule 124.07c and e4. Rule 124.09 sets forth the permanency hearing requirements and guidelines. Rule 124.10 addresses permanency review hearings. Of note, the dispositional review hearings, permanency hearings, and permanency review hearings may be as formal or informal as the court considers appropriate and only in the adjudication hearings do the rules of evidence apply. Rule 124.06c; Rule 124.08a; Rule 124.09a; Rule 124.10a.

references the adjudication by alleging that the court refused to hear, review, or acknowledge evidence demonstrating that the Juvenile Officer knowingly coerced the Parents' stipulation to the allegations. Parents' third point on appeal focuses on the adjudication by alleging that the court failed to review or acknowledge evidence that the Juvenile Officer used false and misleading information to bias the court. Parents charge that the Juvenile Officer falsely accused Father of having a restraining order against him for threatening a social worker. This was in reference to what appears from the file to be an Ex Parte Order of Protection obtained by a social worker on October 27, 2011. The adjudication hearing was held two months afterward on December 20, 2011. Parents' fourth point on appeal also argues pre-adjudication matters and alleges that "what evidence was used to bring the case was manufactured, fabricated, misrepresented and engineered to be destructive to the appellants . . . by fabricating a false jurisdiction for the court."

"Generally, the validity of a judgment can only be attacked by direct appeal, not by collateral attack." *Reid v. Steelman*, 210 S.W.3d 273, 282 (Mo. App. 2006). "The need for certainty and finality of judgments compels this rule." *Id.* Section 211.261, RSMo 2000, provides that "[a]n appeal shall be allowed to a parent from any final judgment, order or decree made under the provisions of this chapter which adversely affects him." The appeal "shall be filed within thirty days after the final judgment, order or decree has been entered[.]" § 211.261. Parents did not appeal the January 20, 2012 judgment.[2] If Parents were to attempt to directly

---

[2]We note that, although the adjudication occurred on December 20, 2011, the adjudication order was not appealable until the dispositional hearing on January 20, 2012, and the judgment thereafter. "Once the trial court issues a judgment that includes the disposition or treatment of the juvenile, 'all the issues before the . . . court have been disposed and nothing has been left for future determination, and the judgment is final and appealable.'" *Juvenile Officer v. A.S.M.*, 423 S.W.3d 824, 829 (Mo. App. 2014) (quoting *In re C.A.D.*, 995 S.W.2d 21, 26 (Mo. App. 1999).

appeal that judgment now, we would have no authority to review the merits as the time for appeal has long lapsed. [3] *See Spicer v. Donald N. Spicer Revocable Living Trust*, 336 S.W.3d 466, 471 (Mo. banc 2011). Instead, Parents attempt to indirectly attack that judgment via an appeal of the July 29, 2013 judgment. All four of Parents' points on appeal relate back to the January 20, 2012 judgment and are unrelated to permanency planning issues determined in the July 29, 2013 judgment. This is an impermissible collateral attack on a final judgment. As Parents' points on appeal arise from Father's motion to dismiss, we conclude that the circuit court did not abuse its discretion in denying that motion. All points on appeal are denied and we affirm the circuit court's judgment.

_____
Anthony Rex Gabbert, Judge

All concur.

---

[3]Although Rule 74.06 allows for relief from a judgment for, among other things, fraud, motions for relief pursuant to this rule must be made no more than one year after the judgment or order was entered. Rule 74.06(c). Thus, even if Father's motion to dismiss might have been considered a motion for relief pursuant to Rule 74.06, the motion would have still been untimely under the rule. Parents do not argue Rule 74.06 applicability.

7