

# In the Missouri Court of Appeals
## Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| STATE OF MISSOURI EX REL.<br>JOSHUA HAWLEY, | ) | No. ED106652 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | 1622-CC00503 |
| | ) | |
| JAMES CLIFTON ROBINSON, | ) | Honorable Steven R. Ohmer |
| | ) | |
| Appellant, | ) | |
| | ) | |
| and | ) | Filed: May 28, 2019 |
| | ) | |
| BEVERLY HOLMES DILTZ, CRITIQUE | ) | |
| SERVICES LLC, RENEE, | ) | |
| MAYWEATHER, DEAN MERIWETHER | ) | |
| and ROBERT J. DELLAMANO, | ) | |
| | ) | |
| Defendants. | ) | |

### OPINION

James Robinson appeals from the judgment entered against him following a jury trial in the Circuit Court of the City of St. Louis. The Missouri Attorney General (the State) filed suit against Robinson alleging violations of the Missouri Merchandising Practices Act (MMPA) § 407.020.[1] None of Robinson's 15 points relied on complies with Rule 84.04.[2] However, we

---

[1] All statutory references are to RSMo 2016 unless otherwise indicated. While § 407.020 was amended effective January 1, 2017, that amendment has no effect on our opinion.

[2] All Rules references are to Missouri Supreme Court Rules (2018).

exercise our discretion to review *ex gratia* Robinson's points one and two and we find no error with respect to either. We dismiss the remaining points due to their failure to comply with Rule 84.04. Accordingly, the trial court's judgment is affirmed.

## Background

The State filed suit against Robinson, Beverly Holmes Diltz, and Critique Services LLC (along with three other co-defendants immaterial to this opinion) alleging violations of the MMPA. The State alleged that Diltz, who is not an attorney, founded Critique Services as a low-cost, high-volume bankruptcy law firm. Critique contracted with lawyers, including Robinson, and used their names, signatures, and bar enrollment identification numbers to make it appear that attorneys were providing legal services, but the attorneys performed little or no legal work for Critique's clients. These practices by Critique caused harm to more than 136 customers, according to the State. The suit asserted claims against Robinson for fraud, unfair practices, and false promises in connection with his work as a bankruptcy attorney associated with Critique.

Robinson asserted his Fifth Amendment right against self-incrimination in his answer to the State's first amended petition, and in his responses to the State's requests for production and interrogatories. Similarly, Robinson asserted his Fifth Amendment right in response to every question during his deposition.

In February 2017, the State moved for summary judgment against defendant Robinson only. In response to most of the State's statement of uncontroverted material facts, Robinson again asserted his Fifth Amendment right. The trial court granted partial summary judgment in favor of the State on the false promises and fraud counts and enjoined Robinson from providing bankruptcy services in Missouri. The court denied the State's motion as to the unfair practices count because

2

that count raised multiple violations of Missouri Supreme Court Rule 4,[3] and such claims are not cognizable under the MMPA. The court left the issue of damages, specifically restitution and civil penalties as authorized under §§ 407.100.4 and 407.100.6, respectively, to be decided at trial.

Prior to trial, the State and defendants Critique and Diltz entered into a consent judgment, pursuant to which Critique and Diltz admitted liability and to the award of over $100,000 in damages. Robinson then filed a motion to dismiss, asserting that the consent judgment mooted the State's claims against him. The trial court denied Robinson's motion.

At trial, the State called as witnesses three former clients of Robinson who claimed to be victims of his conduct. All three testified that Robinson made false or misleading statements about the bankruptcy legal services he would provide. The jury found in the State's favor with regard to all three victims, awarding restitution to two of the victims in the amount of $17,187 pursuant to § 407.100.4 and civil penalties in the amount of $5,000 pursuant to § 407.100.6. This appeal follows.

## The State's Motion to Dismiss

Before we reach the merits of Robinson's appeal we address the State's motion to dismiss this appeal based on the failure to comply with our briefing rules. Compliance with the Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become a party's advocate by speculating on facts and arguments that have not been asserted. *Brown v. Brown*, 530 S.W.3d 35, 40 (Mo.App.E.D. 2017). Failing to follow the requirements of Rule 84.04 constitutes sufficient grounds for this Court to dismiss an appeal. *Id.* However, we do have the discretion to review non-compliant briefs *ex gratia* when the argument is readily understandable. *Id.*

---

[3] Rule 4 sets forth the rules of professional conduct for Missouri attorneys.

3

The State argues that Robinson's brief contains a deficient statement of facts, points relied on, and argument section, in violation of Rule 84.04(c), (d), and (e), respectively. We agree because to decipher Robinson's brief, this Court would have to sift through the legal file, speculate on Robinson's legal arguments and essentially become Robinson's advocate, something we cannot do. *See Rothschild v. Roloff Trucking*, 238 S.W.3d 700, 701 (Mo.App.E.D. 2007).

1. *The Statement of Facts in Robinson's brief violates Rule 84.04(c).*

Rule 84.04(c) requires an appellant's brief to contain a "fair and concise statement of the facts relevant to the questions presented for determination without argument" and that "[a]ll statements of facts shall have specific page references to the relevant portion of the record on appeal[.]" "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Rothschild*, 238 S.W.3d at 702.

Robinson's statement of facts falls short of this standard. Robinson routinely fails to cite to the record and omits large portions of relevant facts. Also, Robinson included only facts favorable to his position. "Emphasizing facts favorable to the appellant and omitting others essential to the respondent does not substantially comply with Rule 84.04." *Id.* Thus, Robinson has not complied with Rule 84.04(c).

2. *Robinson's Points Relied On fail to comply with Rule 84.04(d).*

Rule 84.04(d)(1) requires each point relied on to: "(A) Identify the trial court ruling or action that the appellant challenges; (B) State concisely the legal reasons for the appellant's claim of reversible error; and (C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Points relied on containing multiple arguments violate Rule 84.04(d) and are subject to dismissal. *Day v. State*, 208 S.W.3d 294, 295 (Mo.App.S.D. 2006).

4

Robinson's brief violates the dictates of Rule 84.04(d) in multiple respects. Each point includes multiple sub-points asserting numerous disjointed, largely unrelated arguments. For example, Robinson's fifth point spreads over two and a half pages and argues that a certain jury instruction was improper for 13 different reasons, including that the instruction was not supported by evidence, was overly broad, included incorrect verbiage, did not mirror the Missouri Approved Instructions,[4] was against the weight of the evidence, erroneously declared the law, and erroneously applied the law. Similarly, in points 13 and 14, he asserts at least six different claims of error followed by just a half page of argument for each point.

Robinson's points are inadequate to give the State notice of what exactly he is challenging. Additionally, to address his points, we would have to become Robinson's advocate by sifting through the record and constructing his arguments for him, a role we cannot assume. *Wallace v. Frazier*, 546 S.W.3d 624, 628 (Mo.App.W.D. 2018). In short, Robinson's points relied on violate Rule 84.04(d) and preserve nothing for us to review.

3.      *The Argument Section of Robinson's brief violates Rule 84.04(e).*

An appellant's brief must contain an argument section that substantially tracks each point relied on. *Osthus v. Countrylane Woods II Homeowners Ass'n*, 389 S.W.3d 712, 716 (Mo.App.E.D. 2012); Rule 84.04(e). It must include a concise statement of the applicable standard of review and advise the court how the facts and the law interact. *Id.*; Rule 84.04(e). Additionally, where the appellant neither cites relevant legal authority nor explains why such authority is not available, the appellate court is justified to consider the points abandoned and dismiss the appeal. *Kimble v. Muth*, 221 S.W.3d 419, 423 (Mo.App.W.D. 2006)

---

[4] Missouri Approved Instructions (2018).

Robinson's arguments fail to state the standard of review applicable to each point and fail to state whether each point was properly preserved. For instance, none of Robinson's numerous claims of instructional error includes the standard of review or whether the instruction was objected to.

Robinson misconstrues legal authority. For example, Robinson cites *McFarland v. Trame*, 436 S.W.3d 654 (Mo.App.E.D. 2014), for the proposition that "the MMPA applies 'to consumer transactions' not attorneys." *McFarland* does not stand for that proposition, does not even include that quote, and is a *per curiam* order of this court which means it may not be cited in unrelated cases. *See* Rule 84.16. Similarly, Robinson cites *Smith v. Maryland Cas. Co.*, 500 S.W.3d 244 (Mo.App.S.D. 2015), for the proposition that "[i]nvocations of the Fifth Amendment cannot be deemed an admission to the pleaded facts." Robinson again misquotes the *Smith* opinion, which makes no mention of the Fifth Amendment. *See id.*

Similarly, in points 13, 14, and 15, Robinson fails to cite to any legal authority whatsoever. *See Kimble*, 221 S.W.3d at 423 ("[W]here the appellant neither cites relevant legal authority nor explains why such authority is not available, the appellate court is justified in considering the points abandoned and dismissing the appeal."). In multiple other points, Robinson cites to little or no legal authority, which makes our understanding of his arguments essentially guess-work. In this regard Robinson has failed to advise this Court how the facts of the case and the law interact.

In conclusion, Robinson's brief fails to substantially comply with Rule 84.04 with respect to the statement of facts, points relied on, and argument sections. Although we note that this warrants dismissal of his entire appeal, we review *ex gratia* Robinson's first two points because we find them minimally decipherable. *See Scott v. King*, 510 S.W.3d 887, 892 (Mo.App.E.D.

6

2017). We dismiss the remainder of Robinson's 13 points on appeal for failure to comply with Rule 84.04.

**Discussion**

*1.    Point One.*

In his first point, Robinson argues that the trial court erred by denying his motion to dismiss all the claims against him after the State settled its claims against Robinson's co-defendants. We disagree.[5]

Robinson argues that the consent judgment entered into between the State and his co-defendants Diltz and Critique released him from any and all claims asserted in the case at bar. Robinson cites one case in support of his argument, *Ellis v. Reisenbichler*, 712 S.W.2d 468 (Mo.App.E.D. 1986). *Ellis* involved a multi-party automobile accident where the plaintiff executed a general release of a particular defendant and "*any* other person" for "*any and all claims*[.]" *Id* at 469 (emphasis in original). This Court affirmed the trial court's holding that the release disposed of "plaintiff's entire cause of action" including his claim against a defendant who was not a party to the release. *Id.*

The present case is readily distinguishable from *Ellis*. The consent judgment here explicitly defines "Defendants" as "Defendants Beverly Diltz and Critique Services L.L.C. (collectively 'Defendants')," and nothing in the consent judgment indicates that Robinson or the claims against him were included in the judgment.

---

[5] We note that ordinarily, a denial of a motion to dismiss is not considered a final judgment and therefore is not appealable. *In re O.J.B.*, 436 S.W.3d 726, 728 (Mo.App.W.D. 2014). However, an order denying a motion to dismiss can be considered as part of the appeal from a final judgment. *Id.* at 728-29.

7

Robinson next asserts that the claims against him were rendered moot because the damages Diltz and Critique were ordered to pay by the consent judgment satisfies whatever amounts the State claims Robinson owes. Robinson offers no legal support for this argument and it is factually without merit. The consent judgment did not resolve all the consumer complaints that were the subject of the lawsuit, and at trial the State did not seek restitution on behalf of any of the consumers included in the consent judgment. Accordingly, the claims against Robinson were not satisfied nor rendered moot by the consent judgment. Robinson's first point is denied.

2.    *Point Two.*

In his second point, Robinson argues that the court erred by granting partial summary judgment because there were disputed material facts precluding summary judgment and because the State did not satisfy its summary judgment burden. Robinson's main argument is that the State failed to establish a *prima facie* MMPA case and the court improperly relied on unwarranted and improper negative inferences arising from the assertion of his Fifth Amendment right. We disagree.

To be entitled to summary judgment the claimant must show (1) that there is no genuine dispute of material fact and (2) that they are entitled judgment as a matter of law. *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 380 (Mo.banc 1993). We review the grant or denial of a motion for summary judgment *de novo. Id.* at 387-388.

Resolution of this point centers on how to treat under Rule 74.04 Robinson's failure to respond, pursuant to the Fifth Amendment, to most of the State's assertions in support of its summary judgment motion. During summary judgment proceedings or at the trial of a civil case, an adverse inference may be drawn under certain circumstances from a party's silence based on his assertion of the Fifth Amendment right against self-incrimination. *Johnson v. Mo. Bd. of*

8

*Nursing Adm'rs*, 130 S.W.3d 619, 629 (Mo.App.W.D. 2004). However, "a party seeking the benefit of a negative Fifth Amendment inference in a civil case must . . . make an affirmative showing to support its right to judgment and cannot rely exclusively upon the other party's refusal to testify." *Id.* at 632. Hence, while the fact-finder in a civil case is permitted to draw an adverse inference from a defendant's assertion of his or her Fifth Amendment right to remain silent, judgment may not be based on the defendant's silence alone, without requiring the plaintiff to present a *prima facie* case. *Allen v. Bryers*, 512 S.W.3d 17, 36 (Mo.banc 2016).

The State's *prima facie* case under the MMPA consists of three elements: (1) an act, use or employment of deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact; (2) by a person; (3) in connection with the sale or advertisement of any merchandise in trade or commerce. *See* §407.020.1.

We find that on this record the State readily satisfied its *prima facie* MMPA case such that the judgment did not rest solely—with respect to any of the elements of the State's MMPA case— on any negative inferences that may have arisen from Robinson's Fifth-Amendment-motivated silence.

Initially, the second and third elements were easily satisfied: Robinson is a person and the acts complained of were done in connection with the sale or advertisement of merchandise, since under the MMPA the definition of "merchandise" includes services, such as legal bankruptcy services. § 407.010.4.1.

As to the first element—whether Robinson committed an act of deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact in relation to the sale or advertisement of his legal services—our

9

analysis is somewhat more involved but no less certain that the State satisfied this element from a *prima facie* standpoint independent of any negative inference.

The victims' affidavits attached to the State's motion establish that Robinson lied to or misled multiple individuals regarding their bankruptcy cases. These misstatements included failing to file bankruptcy petitions, impersonating another attorney, and listing false information on bankruptcy petitions. The affidavits show that Robinson's pattern of informing clients that he would handle their bankruptcy cases but then failing to do so resulted in the failure of his clients to obtain the promised bankruptcy protection to which they were likely entitled.

These affidavits established the State's *prima facie* MMPA case and permitted the court to draw negative inferences from Robinson's silence on the basis of the assertion of his Fifth Amendment right. Together, the affidavits and the negative inferences drawn were sufficient to establish that Robinson violated the MMPA by making false promises and fraudulent statements to his clients. Accordingly, the State met its summary judgment burden.

Robinson's second point is denied.

### Conclusion

We dismiss Robinson's points three through fifteen for failing to comply with Rule 84.04. We have reviewed points one and two *ex gratia* and find no error with respect to either. Accordingly, the judgment of the trial court is affirmed.

James M. Dowd, Judge

Sherri B. Sullivan, P.J., and
Lawrence E. Mooney, J., concur.