

# Missouri Court of Appeals

## Southern District

### Division Two

JASON W. FORBES,
and CHARLOTTE FORBES,               )
                                     )
          Respondents,               )
                                     )          No. SD37175
vs.                                  )
                                     )          **FILED: June 13, 2022**
RUSSELL F. ALLISON,                  )
and REBECCA J. ALLISON               )
                                     )
          Appellants.                )

APPEAL FROM THE CIRCUIT COURT OF TEXAS COUNTY

Honorable Judge John D. Beger

**AFFIRMED**

Russell and Rebecca Allison (the "Allisons") appeal from a judgment establishing a private road over their property. In a single point, they argue the trial court erred in denying their motion to dismiss Jason and Charlotte Forbes' (the "Forbes") petition because certain adjacent property owners were not added as parties to the lawsuit as required by section 228.342.[1] Finding no error, we affirm the trial court's judgment.

---

[1] All statutory references are to RSMo (2010). All rule references are to Missouri Court Rules (2021).

**Background**

The Forbes own a landlocked piece of real estate in Texas County, Missouri, which had been historically accessed by a roadway that passed over neighboring properties. The Forbes hired a surveyor who prepared a legal description of the historic roadway, which passed over the Allisons' property as well as property owned by Delbert and Tammy McKinley, Robert and Sherry Reed, and Randall Pool (the "non-party neighbors").[2] Each non-party neighbor granted the Forbes an easement, allowing them

---

[2] The legal description of the proposed private road in the Forbes' second amended petition and "roadway" in the trial court's final judgment reads as follows:

> AN EXISTING ROADWAY LYING IN SECTION 28 AND 29,T29N, R11W 16.OO' IN WIDTH 8.OO' EACH SIDE OF A CENTERLINE WHICH IS MORE PARTICULARLY DESCRIBED AS FOLLOWS:
>
> FROM AN IRON PIN AT THE SOUTHWEST CORNER EAST ½ NORTHWEST ¼ SAID SECTION 28 RUN NOO°23'36"E ALONG THE WEST LINE THEREOF 63.44' TO AN IRON PIN FOR THE TRUE POINT OF BEGINNING OF SAID CENTERLINE. THENCE S20°31'15"W 45.80', THENCE S39°52'26"W 26.49', THENCE S76°08'52"W 14.54', THENCE N85°03'44"W 45.08', THENCE N88°56'46"W 353.44', THENCE N87°29'21"W 396.06', THENCE S68°12'10"W 25.45', THENCE S43°29'42"W 29.89', THENCE S27°29'00"W 158.21', THENCE S29°08'01"W 71.26', THENCE S29°42'46"W 187.74', THENCE S42°29'45"W 139.35', THENCE S52°40'43"W 53.56', THENCE S65°44'59"W 58.02', THENCE S84°25'34"W 134.77', THENCE N77°45'36"W 63.68', THENCE S73°35'25"W 106.31', THENCE S82°17'10"W 51.41', THENCE S72°53'18"W 88.20', THENCE S73°39'13"W 104.22', THENCE S50°27'31"W 90.54', THENCE S72°11'19"W 75.26', THENCE S68°14'21"W 54.95', THENCE S59°35'59"W 74.82', THENCE S32°30'49"W 59.17', THENCE S59°59'46"W 93.05', THENCE S47°47'24"W 48.38', THENCE S61°17'10"W 45.09', THENCE N76°37'35"W 25.16', THENCE N62°26'30"W 107.84', THENCE N63°29'41"W 162.53', THENCE N68°10'37"W 58.97', THENCE S84°28'28"W 19.11', THENCE S51°21'17"W 73.92', THENCE S52°23'29"W 116.81', THENCE S60°06'49"W 79.28', THENCE S25°43'03"W 15.42', THENCE S15°43'02"W 70.03', THENCE S18°05'06"W 100.45', THENCE S17°26'06"W 145.16', THENCE S20°11'50"W 116.82', THENCE S28°25'03"W 29.61', THENCE S19°51'04"W 89.06', THENCE S24°07'56"W 77.86', THENCE S52°04'33"W 12.28', THENCE N57°20'06"W 11.78', THENCE N54°10'57"W 59.78', THENCE N49°26'57"W 72.84', THENCE N47°40'18"W 243.04', THENCE N45°56'21"W 156.59', THENCE N54°13'02"W 23.09', THENCE N66°18'10"W 19.31', THENCE S84°45'13"W 23.95', THENCE S61°51'08"W 33.52', THENCE S54°31'08"W 199.14', THENCE S50°49'57"W 110.50', THENCE S65°31'16"W 32.68', THENCE N84°38'19"W 20.45', THENCE N70°16'10"W 28.11', THENCE N59°04'51"W 244.39', THENCE N69°15'14"W 49.72', THENCE N81°14'54"W 23.86', THENCE S86°23'48"W 46.14', THENCE N87°26'33"W 142.98', THENCE N89°33'21"W 148.32', THENCE S87°39'36"W 101.40', THENCE N85°17'09"W 125.70', THENCE N89°11'37"W 250.11', THENCE N89°12'08"W 350.53', THENCE S56°14'36"W 42.94', THENCE S45°00'42"W 34.60' TO AN IRON PIN SET 20.00' OFF THE CENTERLINE OF GREENWOOD ROAD, THENCE CONTINUE S45°00'42"W 20.00' TO

2

access and use of the historic roadway that ran across each of their individual properties.[3] The Allisons refused to grant an easement or allow access across their property. The Forbes filed an amended petition seeking to establish a private road over the Allisons' property under section 228.342.

On December 13, 2019, the trial court held a hearing pursuant to section 228.352. Following the hearing, the trial court issued an interlocutory judgment determining the Forbes' property lacked access to a public road and that the road sought was of strict necessity. The interlocutory judgment appointed three commissioners to review the proposed location of the private road and assess damages to the Allisons pursuant to section 228.355. The commissioners issued their report to the trial court on January 14, 2021, assessing damages to the Allisons in the amount of $15,000.00. The commission further determined that the Allisons' proposed alternative route was "not viable" because it would run through a deep ravine and intersect numerous trees. The Allisons filed exceptions and requested a jury trial pursuant to section 228.358.[4]

---

THE CENTERLINE OF GREENWOOD ROAD AS NOW LOCATED AND TERMINUS OF SAID CENTERLINE. PER SURVEY M-6020-C, PLS 2004001334.

[3] The legal description of the easements granted by the non-party neighbors is identical to the legal description of the private road contained in the trial court's final judgment. "An easement is a non-possessory interest in the real estate of another[,] . . . [which] confers a right of one person to use the real estate of another for a general or specific purpose." *Burg v. Dampier*, 346 S.W.3d 343, 353 (Mo. App. W.D. 2011) (citing *Farmers Drainage Dist. of Ray Cnty. v. Sinclair Refining Co.*, 255 S.W.2d 745, 748 (Mo. 1953)). "[N]o particular form and language are necessary to create an easement; rather, any words clearly showing the intention of the parties to create a servitude on a sufficiently identifiable estate is sufficient." *Blackburn v. Habitat Dev. Co.*, 57 S.W.3d 378, 385 (Mo. App. S.D. 2001) (quoting *Hynes v. City of Lakeland*, 451 So. 2d 505, 511 (Fla. Dist. Ct. App. 1984)).
[4] Under this section, either party may file exceptions to the commissioner's report and assessment of damages within ten days after notification of the commissioner's report.

If either party files exceptions, the court shall impanel a jury and conduct a trial to determine the amount of damages to be paid by the plaintiffs to the defendants. Thereafter, the court shall enter a judgment establishing or widening the private road and assessing the damages as set forth in the jury's verdict, and the provisions of the interlocutory order as provided in section 228.352 shall be included in such judgment. The private road so established or widened shall be a permanent easement appurtenant to the plaintiffs' real property.

3

In May 2021, the Allisons filed a "Motion to Dismiss and Suggestions in Support or, Alternatively, Motion for Joinder of Required or Indispensable Parties and a New Trial" (the "motion to dismiss").  The motion to dismiss asserted, among other things, that the non-party neighbors who had granted the easements were required to be named as parties under section 228.342 and were necessary and indispensable to the lawsuit because the proposed historic roadway passed over their properties.  The trial court denied the Allisons' motion to dismiss on May 12, 2021.  At the hearing, the trial court stated:

> The phrase 'the proposed private road' in [section 228.342], I believe, refers to the road to be established by 228.342.  Once the [Forbes] received a granted easement, it is no longer a road to be established by 228.342 and they—the grantor of the easement is no longer a necessary party.

The Allisons subsequently withdrew their exceptions and their request for jury trial.

The trial court entered a final judgment on May 25, 2021, establishing a private roadway over the Allisons' property using the legal description provided by the surveyor describing the historic roadway.  The Allisons appeal from that judgment.  The Allisons' sole point on appeal states:

> The trial court erred in denying [the Allisons'] motion to dismiss or for joinder of a new trial because [the Forbes] failed to name all required defendants in that § 228.342 is to be strictly construed and requires that the owners of the real property over which a proposed private road would pass to be named as defendants in an action to establish or widen a private road as a strict necessity.

---

§ 228.358.  "The statute does not expressly state the result of a plaintiff not filing exceptions.  However, the necessary implication is that, unless exceptions are filed, the proceedings are complete and therefore end."  **Schweigert v. Braxton**, 902 S.W.2d 370, 372 (Mo. App. E.D. 1995).

4

## Standard of Review

Generally, a party cannot appeal the denial of a motion to dismiss because it is not considered a final judgment. *In re O.J.B.*, 436 S.W.3d 726, 728 (Mo. App. W.D. 2014). However, after a final judgment has been entered, an order denying a motion to dismiss can be reviewed as part of the appeal from that final judgment. *In re Halverson ex rel. Sumners*, 362 S.W.3d 443, 448 n.7 (Mo. App. S.D. 2012); *Welsh v. Kansas City Pub. Schs.*, 608 S.W.3d 751, 753 (Mo. App. W.D. 2020). Here, the denial of the Allisons' motion to dismiss is reviewed as part of the appeal from the final judgment.

We will affirm the trial court's judgment in a court-tried case unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Ivie v. Smith*, 439 S.W.3d 189, 198-99 (Mo. banc 2014). Whether the trial court was required to dismiss the Forbes' petition based on section 228.342 is a question of law.[5] *Pratt v. Lasley*, 213 S.W.3d 159, 160 (Mo.

---

[5] "Though in some circumstances, the review of the denial of a motion to dismiss is for abuse of discretion," where the basis for the dismissal is based on a question of law, appellate courts have applied *de novo* review. *See* e.g., *Welsh*, 608 S.W.3d at 753-54 (applying *de novo* review to the denial of a motion to dismiss for failure to state a claim for which relief can be granted); and *In Matter of the Care & Trmt. of Murphy*, 477 S.W.3d 77, 81 (Mo. App. E.D. 2015) (applying *de novo* review to the denial of a motion to dismiss based on the petitioner's argument that his offense did not qualify as a sexually violent offense).

Here, whether the trial court was required to dismiss the Forbes' petition based on the language of section 228.342 raises a legal question. For that reason, *de novo* review applies. In contrast, courts have applied an abuse of discretion standard where the denial of a motion to dismiss was based on a discretionary ruling, such as a motion to dismiss for *forum non conveniens, State ex rel. Ford Motor Co. v. Westbrooke*, 12 S.W.3d 386, 392 (Mo. App. S.D. 2000), or filed under Rule 67.03. *O.J.B.*, 436 S.W.3d at 729. Rule 67.03 states, in relevant part:

> A defendant may move for an involuntary dismissal of the civil action for lack of jurisdiction, for prematurity of action, for failure to substitute a party for a decedent and for such other dismissals as are allowed by these Rules 41 through 101. Defendant may also move for an involuntary dismissal of the civil action for failure of the plaintiff to prosecute or to comply with these Rules 41 through 101 or any order of the court.

App. W.D. 2007).  We apply *de novo* review to questions of law.  ***Pearson v. Koster***, 367 S.W.3d 36, 43 (Mo. banc 2012).

## Analysis

The Allisons' point argues the trial court erred in denying their motion to dismiss the Forbes' petition for failing to name the non-party neighbors as defendants to the lawsuit because section 228.342 requires the owners of the real property over which the proposed road shall pass be named as defendants.   The Allisons' argument is based on a faulty premise—that the Forbes sought a private road over the non-party neighbors' property by using a legal description that included portions of the non-party neighbors' real estate.

Section 228.342 states:

*A private road may be established or widened in favor of any owner or owners of real property for which there is no access, or insufficiently wide access, from such property to a public road if the private road sought to be established or widened is a way of strict necessity.*  As used in this section, the term "strict necessity" shall include the necessity to establish or widen a private road in order to utilize the property for the uses permitted by law.  Any petition for the establishment or widening of a private road shall be filed and the proceeding shall be conducted in the circuit court of the county where the proposed road is to be located.  *The owners of the real property over which the proposed private road shall pass shall be named as defendants.*

***Id.*** (emphasis added).  While this section requires the owners of real property over which the proposed private road passes to be named as defendants to the lawsuit, the Allisons mischaracterize the scope of the relief sought by the Forbes.  The Allisons mistakenly interpret the Forbes' use of the legal description of the historic roadway in the Forbes' petition as a request to establish a private road over *all* property contained in that legal description.  But the Forbes were not seeking a private road over the non-party neighbors' real estate and were not entitled to the establishment of such a road

6

over non-party neighbors' real estate because the non-party neighbors granted easements to the Forbes to use the historic roadway to access the Forbes' property.[6] *See* ***Beery v. Shinkle***, 193 S.W.3d 435, 442 (Mo. App. W.D. 2006) (finding section 228.342 "had no application" where the party seeking a private road had an express easement). Thus, the non-party neighbors were not required under section 228.342 to be joined as parties and it would not be proper to dismiss the Forbes' petition for failing to name them as defendants since the Forbes neither sought nor were entitled to a private road over the non-party neighbors' property. Because the Forbes were not seeking and were not entitled to the establishment of a private road over the non-party neighbors' property, the trial court did not err in denying the Allisons' motion to dismiss the Forbes' petition for failure to name the non-party neighbors as defendants. The Allisons' point is denied.

### Conclusion

The trial court's judgment is affirmed.


MARY W. SHEFFIELD, P.J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS

---

[6] "'[S]trict necessity' means the lack of a legally enforceable right to use a practicable way to and from a person's land, either private or public." ***Anderson v. Mantel***, 49 S.W.3d 760, 763 (Mo. App. S.D. 2001) (quoting ***Moss Springs Cemetery Ass'n v. Johannes***, 970 S.W.2d 372, 376 (Mo. App. S.D. 1998)).

7