

# In the Missouri Court of Appeals
## Eastern District

<u>DIVISION TWO</u>

| | | |
|---|---|---|
| VIOLET KAY WILSON, | ) | ED110033 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Charles County |
| v. | ) | 2111-FC000110 |
| | ) | |
| FREDERICK ROBIN SCHMELZER, | ) | Honorable W. Christopher McDonough |
| | ) | |
| Appellant. | ) | Filed:  October 18, 2022 |

Frederick Robin Schmelzer (Husband) appeals from the trial court's judgment dissolving his marriage with Violet Kay Wilson (Wife).  The trial court's September 20, 2021 judgment, *inter alia*, ordered the marriage dissolved, divided marital property, and determined that neither party would receive maintenance.  We dismiss the appeal for failure to comply with the rules of appellate procedure. Although we have discretion to review Husband's appeal despite his failure to comply with the rules governing briefs with this Court on appeal, see *Prosser v. State*, 243 S.W.3d 496, 498 (Mo. App. E.D. 2008), we will not exercise this discretion here, where the failure substantially wastes judicial resources and impairs our ability to conduct a meaningful review.

**Background**

Husband and Wife were married on October 28, 1998.  No children were born of the marriage, but Wife had her own children with whom she wished to spend more time.  After the couple had retired to Florida, they sold their Florida house for $180,000 and moved back to Missouri where they jointly

purchased a home from Wife's son for $92,500, which was below market value. The parties agreed the Florida home proceeds would be deposited into a Commerce Bank account in both their names, and that the new home would be purchased with the net proceeds.

After the couple returned to Missouri, Wife filed a Petition for Order of Protection (Adult Abuse Petition) on December 14, 2020. Wife alleged Husband had caused or attempted to cause her physical harm; placed or attempted to place her in apprehension of immediate physical harm; and coerced, stalked, and harassed her. Specifically, in November 2020, she called the police multiple times because she felt unsafe with Husband in their residence "due to his drinking and due to episodes in the past of him hurting me such as putting fists in my face, scratching my arm, yelling/screaming in face, and once I ended up with a broken arm."

On December 1, 2020, Wife admitted herself to St. Mary's Hospital and received psychiatric care for persistent anxiety because of Husband, who repeatedly called and harassed her while she was in the hospital. When Wife was discharged on December 9, 2020, she returned to the marital residence and Husband continued his threatening behavior and alcohol consumption. Wife said she regularly feared for her safety, and on December 11, 2020, she called the police for a safety check at the marital residence. She explained that during the preceding months, Husband had threatened to kill her cat and repeatedly threatened her with physical and verbal abuse.

The Circuit Court of St. Charles County issued an Ex Parte Order of Protection on December 14, 2020, which included a restriction that Husband not enter or stay in the marital residence. The case was transferred to St. Louis County, and another Ex Parte Order of Protection was entered on January 28, 2021, with the same restrictions. On March 5, 2021, after a hearing, the parties entered into a Consent Judgment of Full Order of Protection (Consent Judgment) that restricted Husband from all contact with Wife and granted Wife exclusive possession of the marital residence. Husband attempted to set aside

the Consent Judgment just four days after it was entered, and he moved for Temporary Exclusive Possession of the Marital Residence, but the court denied both motions on April 16, 2021.

While the Adult Abuse Petition was pending, Wife filed a Petition for Dissolution of Marriage (Dissolution Petition) on January 22, 2021. Husband filed an answer on March 9, 2021. On July 28, 2021, he again sought exclusive possession of the marital residence, which the trial court denied. The trial court held a hearing on the Dissolution Petition on August 4, 2021. Wife appeared with counsel and Husband appeared pro se. During the hearing, Husband admitted to closing their Commerce Bank joint account while Wife was in the hospital, transferring the balance into an account in his name without Wife's permission. He also admitted to many of the allegations in the Adult Abuse Petition, as well as violating the terms of the Consent Judgment.

On September 20, 2021, the trial court issued its Findings of Fact, Conclusions of Law and Judgment of Dissolution of Marriage (Judgment), finding Husband's actions regarding the Commerce Bank account were "troubling" because he converted and concealed a substantial marital asset. The court noted the weight given to Husband's misconduct in determining the marital asset distribution. The trial court found "there was ample evidence that would support an unequal distribution of the marital assets," including Wife's "substantial attorney fees" caused by the litigation. The trial court awarded Wife sole right and title to the marital residence with a value of $190,000, and her IRA account, so that her award totaled $252,349. It awarded Husband sole right and title to his IRA account and the Commerce Bank account at issue, totaling $147,249. The court found the award was just, proper, and equitable under the circumstances.

Husband filed a notice of appeal on October 21, 2021.

3

**Discussion**

In his sole point on appeal, Husband alleges, "The trial court errored [sic] in ordering an unequal distribution of marital property by awarding [Wife] over 60% of the marital property in that the decision by the trial court is against the weight of the evidence, an abuse of discretion, and erroneously misstates or applies the law." Wife responds that Husband's brief is deficient because his Point Relied On does not comply with Rule 84.04(d)(1) and his Argument violates Rule 84.04(e) of the Missouri Rules of Civil Procedure, thereby failing to preserve any error for the Court to review, and should be dismissed. We agree.

The Missouri Rules of Civil Procedure require an appellate brief's contents follow Rule 84.04. "Compliance with the Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become a party's advocate by speculating on facts and arguments that have not been asserted." *State ex rel. Hawley v. Robinson*, 577 S.W.3d 823, 827 (Mo. App. E.D. 2019). "Failing to follow the requirements of Rule 84.04 constitutes sufficient grounds for this Court to dismiss an appeal." *Id.*

Section (d)(1) of this rule describes the requirements for a brief's Points Relied On when the appellate court is reviewing a decision of a trial court. An appellant must "[i]dentify the trial court ruling or action that the appellant challenges; [s]tate concisely the legal reasons for the appellant's claim of reversible error; and [e]xplain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1)(a)-(c). The rule continues to provide a clear format for appellants by explaining, "The point shall be in substantially the following form:" and describes exactly what appellants must include in a point relied on. Our requirement that a party's point relied on clearly state the contention on appeal "is not simply a judicial word game or a matter of hypertechnicality on the part of appellate courts." *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc

1978). The purpose of Rule 84.04(d)(1) is to provide notice to the opposing party "as to the precise matters that must be contended with and to inform the court of the issues presented for review." *Washington v. Blackburn*, 286 S.W.3d 818, 821 (Mo. App. E.D. 2009), quoting *Eddington v. Cova*, 118 S.W.3d 678, 681 (Mo. App. S.D. 2003). Failure to comply with Rule 84.04(d) preserves nothing for appeal. *Washington*, 286 S.W. 3d at 821.

Additionally, Rule 84.04(e) requires, among other things, an appellant's argument portion of the brief "substantially follow the order of 'Points Relied On,'" beginning with a restatement of the point relied on and the applicable standard of review. Husband's point states, "The trial court errored [sic] in ordering an unequal distribution of marital property by awarding [Wife] over 60% of the marital property in that the decision by the trial court is against the weight of the evidence, an abuse of discretion, and erroneously misstates or applies the law."

Husband's attempt to disguise his failures by mentioning different possible elements of the standard of review still fails to state the legal reasons for his claim of reversible error or why those legal reasons, in the context of the case, support the claim. *See Nelson v. Nelson*, 195 S.W.3d 502, 514 (Mo. App. W.D. 2006) (appellant's "point is nothing more than an abstract regurgitation of the *Murphy v. Carron* standard of review, which is unacceptable in satisfying the requirements of Rule 84.04(d)").

Husband admits his point "may not fully comply with Rule 84.04(d)(1) and (e)," but argues it is narrow, discernible and readily understandable where neither Wife nor this Court have to infer facts or argument. We disagree. By excluding the "because" part of his point, both Wife and this Court are left to guess the legal basis for the alleged error. Moreover, Husband's argument portion did not begin with the Point Relied On, nor does it contain the applicable standard of review. After erroneously listing multiple standards of review in the Point Relied On, Husband vaguely mentions the abuse of discretion standard of review in his argument. "[G]iven the overall noncompliance with Rule 84.04, *ex gratia*

review is not warranted." *Lexow v. Boeing Co.*, 643 S.W.3d 501, 508 (Mo. banc 2022). Husband's brief forces us to speculate and undertake additional research, including searching the record to cure the deficiency, to decide the case on its merits. This, we will not do. Husband's appeal is dismissed.

**Conclusion**

The appeal is dismissed.

_____
Lisa P. Page, Presiding Judge

Kurt S. Odenwald, J. and
Thomas C. Clark, II, J., concur.

6